**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **MAG. NO. 20-148 (GMH)** |
| : | |
| **KYREE FIELDS,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E), 18 U.S.C. § 3142 (f)(2)(A) and 18 U.S.C. § 3142 (d)(1)(A)(ii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

## I. Procedural History

The defendant is charged by criminal complaint with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Specifically, the presentation of hearsay evidence is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

On Sunday, August 2, 2020, at approximately 5:30 p.m., members of the Metropolitan Police Department (MPD) Seventh District Crime Suppression Team (7D CST) were on patrol in the 800 block of Chesapeake Street Southeast in Washington, D.C. when they observed an

2

individual, later identified as the defendant, Kyre Fields. Officers Dean, Sfoglia and Sullivan all observed an "L" shaped object, which they believed to be a firearm, in the front pocket of the pants worn by the defendant and communicated it to one another. Officers got out of the vehicle and as they approached the defendant, he immediately began to flee on foot. Officers instructed the defendant to stop, while he continued to run. While continuing to flee on foot, officers observed the defendant remove the pistol from his pants and run with it in his right hand. Officers observed the defendant throw the pistol up in the air. One officer stayed with the pistol while the others continued to chase the defendant. The defendant was apprehended a short time later in the rear of 823 Chesapeake Street Southeast and placed under arrest.

The firearm that officers observed being discarded by the defendant was recovered and determined to be a Smith & Wesson, model M&P, .9 millimeter semiautomatic handgun with a serial number of HYW4344. When it was recovered, it was loaded with one (1) round in the chamber and thirteen (13) rounds in a sixteen (16) round capacity magazine.

  **B.** **Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. The subject firearm was recovered along the defendant's flight path during a chase by law enforcement and after the defendant was observed removing the firearm from his pants and tossing it. The firearm was loaded with one (1) round in the chamber and thirteen (13) rounds in the magazine. The defendant's interaction with law enforcement and the recovery of the firearm are corroborated by body worn camera footage.

  **C.** **The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weigh in favor of

detention. The defendant has the following prior convictions:

- Unlawful Possession of a Firearm and Ammunition (Washington, D.C., 2019)
- Carrying a Pistol Without a License, Attempt to Commit Robbery (Washington, D.C., 2018)

The government submits that the defendant should not be released.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The current charge is the defendant's third offense involving the illegal possession of a firearm, as noted in his criminal history. Additionally, based on the Pretrial Services Agency report, at the time of the instant offense, the defendant was and remains under sentence in two matters – District Court Case No. 18 CR 176, with charges of Unlawful Possession of a Firearm and Ammunition and D.C. Superior Court Case No. 2017 CF3 18976, with charges of Carrying a Pistol Without a License and Attempted Robbery. The defendant was ordered to complete the end portion of his sentence at Volunteers of America Correctional Treatment Center, located at 500 E. Monument Street, Baltimore, Maryland 21205.   On June 30, 2020, the defendant left the facility, never returned and was placed on escape status. As a result, the defendant is the subject of an extraditable warrant and corresponding removal case out of Baltimore, Maryland as indicated in the Pretrial Services Agency reports. Accordingly, the government views the defendant as a serious risk of flight.

Notably, at the time that the defendant incurred the District Court firearm charge, he was on supervision in the D.C. Superior Court firearm matter. Upon his conviction in District Court, the defendant's supervised probation in the D.C. Superior Court matter was revoked and he was sentenced to an additional term of incarceration of eighteen (18) months, followed by three (3)

4

years of supervised release. As result of his non-compliance, the defendant, unfortunately, did not receive the benefit of the Youth Rehabilitation Act.

In this case, the defendant was observed by law enforcement out in the community during daylight hours with a firearm. The defendant was apprehended by officers after a foot chase and after tossing the loaded firearm into a nearby alley. The firearm that the defendant possessed in this case had the potential to cause serious bodily injury to or the death of innocent persons in the community. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

    Respectfully submitted,

    MICHAEL R. SHERWIN
    ACTING UNITED STATES ATTORNEY
    N.Y. Bar No. 4444188

By:   /s/ Lisa N. Walters
    Lisa N. Walters
    D.C. Bar No. 974-492
    Assistant United States Attorney
    Violent Crime and Narcotics Trafficking Section
    United States Attorney's Office for D.C.
    555 Fourth Street, N.W., Fourth Floor
    Washington, D.C. 20530
    E-mail: Lisa.Walters@usdoj.gov
    Telephone: (202) 252-7499

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Ubong Akpan, this 3rd day of August 2020.

                                            /s/  
                                            Lisa N. Walters  
                                            Assistant United States Attorney